UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAROLD SHEEHY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SANTA CLARA VALLEY ) <br> TRANSPORTATION AUTHORITY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 5:14-cv-01325-PSG <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> **(Re: Docket No. 5)** |

Before the court is Defendant Santa Clara Valley Transportation Authority's motion to dismiss Plaintiff Harold Sheehy's Fair Labor Standards Act claim pursuant to Fed. R. Civ. P. 12(b)(1).[1]  Sheehy opposes.  The court finds this motion suitable for disposition on the papers pursuant to Civil L.R. 7-1(b).[2]  After considering the arguments, the court DENIES SCVTA's motion.

Sheehy's case trails a related FLSA action filed by Baljinder Rai on behalf of himself and other VTA employees similarly-situated by nearly two years: Rai's complaint was filed August 17, 2012; Sheey has not "opted-in."  Sheehy instead filed his own complaint on March 21,

---

[1] *See* Docket No. 5.

[2] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

1

Case No. 5:14-cv-01325-PSG
ORDER DENYING MOTION TO DISMISS

2014, also on behalf of himself and other persons similarly situated.[3]  Both cases center on FLSA claims.  SCVTA now urges that this court should invoke its discretion to dismiss the Sheehy complaint in light of the prior case.  The court formally related the cases last week.[4]

## I. LEGAL STANDARDS

The first-to-file rule is a "doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."[5]  This rule "was developed to 'serve[ ]the purpose of promoting efficiency well and should not be disregarded lightly.'"[6]  In addition to judicial efficiency, the rule helps prevent "the risk of inconsistent decisions that would arise from multiple litigations of identical claims."[7]  "Under this doctrine, a district court may choose to transfer, stay or dismiss an action where a similar complaint has been filed in another district court."[8]

"The court must consider three threshold factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues."[9]  However, the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial

---

[3] *See* Docket No. 1.

[4] *See* Docket No. 14.

[5] *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)).

[6] *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)).

[7] *Ruckus Wireless, Inc. v. Harris Corp.*, Case No. 5:11-cv-019440-LHK, 2012 WL 588792, at *2 (N.D. Cal. Feb. 22, 2012); *see also Church of Scientology*, 611 F.2d at 750 ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.").

[8] *See Hilton v. Apple Inc.*, Case No. 3:13-cv-2167, 2013 WL 5487317, at *4 (N.D. Cal. Oct. 1, 2013) (citing *Alltrade*, 946 F.2d at 623).

[9] *Id.* (citing *Ward. v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Psystar*, 658 F.3d at 1161).

administration."[10]  "Accordingly, a district court is left with the discretion to deviate from the first-to-file rule where equity dictates."[11]

## II. DISCUSSION

As an initial matter, the court observes that the three threshold first-to-file factors are satisfied in this case.  Sheehy's action trails the Rai complaint by nineteen months.  Although the parties and issues are not identical, both cases involve similar VTA drivers seeking similar unpaid wages pursuant to FLSA.[12]

Although not raised by either party, the court also must assess "whether or not the first-to-file rule has any applicability where a complaint involving the same parties and issues has been filed in the same district or before the same judge in the same district."[13]  Judges of this court have analyzed first-to-file motions notwithstanding "the fact that" two "actions had both been filed

---

[10] *Pacesetter*, 678 F.2d at 95.

[11] *Hilton*, 2013 WL 5487317, at *4 (citing *Alltrade*, 946 F.2d at 628 ("The most basic aspect of the first-to-file rule is that it is discretionary, 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'") (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952))).

[12] *See id.* at *7.

> If the first-to-file rule were to require a strict comparison only of the named plaintiffs in the two actions, the rule would almost never apply in class actions. This result would be in direct conflict to the purposes of the first-to-file rule because class actions are frequently complex affairs which tax judicial resources—the very cases in which the principles of avoiding duplicative proceedings and inconsistent holdings are at their zenith.  *Cf. Mayfield v. Barr*, 985 F.2d 1090 (D.C. Cir. 1993) (recognizing that class actions are "often complex, drawn out proceedings demanding a large share of finite judicial resources").

[13] *Rodriguez v. Taco Bell Corp.*, Case No. 1:13-cv-01498-SAB, 2013 WL 5877788, at *2 (E.D. Cal. Oct. 30, 2013)

> The parties do not discuss whether or not the first-to-file rule has any applicability where a complaint involving the same parties and issues has been filed in the same district or before the same judge in the same district.  Other district courts have held that the first-to-file rule applies to cases filed in the same district.  However, at least one district court has held that the first-to-file rule has no applicability when the two actions at issue are pending before the same judge in the same district.  (internal citations omitted).

3
Case No. 5:14-cv-01325-PSG
ORDER DENYING MOTION TO DISMISS

in the same" district.[14] The Central District of California has observed, however, "that application of the first-to-file rule is not" appropriate where "the actions at issue" are "pending before the same" judge.[15]  The court held that "concerns justifying application of the rule-comity, efficiency, and uniformity—are nonexistent or greatly reduced."[16]

Even though the threshold factors are satisfied, the justifications for application of the first-to-file do not resonate because the undersigned presides over the two parallel actions at issue. The court also remains troubled about abrogating Sheehy's right to due process: Sheehy has his own FLSA claims and should not be compelled by the undersigned against his will to opt into a case and to potentially accept counsel not of his choosing.  The court will work with all parties to mitigate any burden engendered by two parallel proceedings and will entertain appropriate requests to that end.

---

[14] *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (citing *Abrahams v. Hard Drive Prods., Inc.*, Case No. 3:12-cv-01006-JCS, 2012 WL 1945493, at *7 (N.D. Cal. May 30, 2012).

[15] *Henderson v. JPMorgan Chase Bank*, Case No. 11-cv-3428-PSG-PLAX, 2011 WL 4056004, at *2 (C.D. Cal. Sept. 13, 2011).

> But courts have regularly declined to apply the first-to-file rule in those situations where the two actions at issue are pending before the same judge. *See, e.g., Lantiq N. Am., Inc. v. Ralink Tech. Corp.,* Case No. 11-cv-0234, 2011 WL 2600747, *9 (N.D. Cal. Jun. 30, 2011); *Word Music, LLC v. Priddis Music, Inc.*, Case No. 07-cv-0502, 2007 WL 3231835, *1 (M.D. Tenn. Oct. 30, 2007); *Olin Corp. v. Cont'l Cas. Co.*, Case No. 2:10-cv-00623-GMN, 2011 WL 1337407, at *2 (D. Nev. Apr. 6, 2011).  In such situations, the concerns justifying application of the rule-comity, efficiency, and uniformity—are nonexistent or greatly reduced. *See Olin*, 2011 WL 1337407, at *2 (noting that where "both cases are before the same judge, the concerns about treading upon the authority of other courts or blindly engaging in duplicative litigation become far less pertinent."); *Word Music*, 2007 WL 3231835 at *2 (concluding that the first-to-file rule "is no longer relevant" upon transfer of the second action to the same district and judge presiding over the first action).
>
> As the actions at issue here are now pending before the same judge, the Court determines that application of the first-to-file rule is not appropriate. *See Olin*, 2011 WL 1337407, at *2.  The Court therefore declines to dismiss or stay this action pursuant to the first-to-file rule.

[16] *Id.*

**IT IS SO ORDERED**

Dated: June 4, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge